UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTIAN ROMERO and
SYDNEY SORENSON,

    Plaintiffs,

v.                                      Case No.: 2:24-cv-819-JLB-KCD

FOUR SEASONS HOTELS
LIMITED CORPORATION,
FOUR SEASONS RESORT NEVIS,
and XYZ CORPORATION,

    Defendants.
_____/

## ORDER

This case centers around injuries caused by a slip-and-fall on a hotel property. Before the Court is the Motion to Dismiss filed by Four Seasons Hotels Limited Corporation ("FSHLC").[1] (Doc. 17). Plaintiffs Christian Romero ("Mr. Romero") and Sydney Sorenson ("Ms. Sorenson") did not file a timely response. The Magistrate Judge ordered Plaintiffs to show cause as to why they failed to respond to FSHLC's Motion to Dismiss and to file a written response no later than December 12, 2024. (Doc. 26). Plaintiffs failed to do so. As such, in accordance with the Court's prior Order, FSHLC's Motion to Dismiss is deemed unopposed and will be considered on its merits without a response. (*See id.*). As set forth below, the Court **GRANTS** the motion to dismiss.

---

[1] There are two additional defendants in this action: Four Seasons Resort Nevis and an unnamed corporation. Four Seasons Nevis has not yet been served. Jurisdiction over Four Seasons Resort Nevis and the unnamed corporation is not at issue in this motion.

1

## BACKGROUND[2]

On November 19, 2022, Plaintiffs checked into a pre-booked visit at the Four Seasons Resort Nevis (the "Resort"), a luxury resort located in or near Pinney's Beach, Charlestown, Nevis, West Indies.  (Doc. 5 at ¶¶ 6, 21–22, 25).  During their stay, on November 25, 2022, Mr. Romero slipped and fell because of moisture that accumulated on a high-polish walk surface within Plaintiffs' guest room.  (*Id.* at ¶¶ 25, 27).  As a result, Mr. Romero suffered: bodily injury; resulting pain and suffering; disability; disfigurement; mental anguish; loss of capacity to enjoy life; the expense of hospitalization, medical and nursing care and treatment; lost wages and earning capacity; and aggravation of a previously existing condition.  (*Id.* at ¶¶ 27, 34, 41, 48, 55).  Ms. Sorenson, as Mr. Romero's wife, lost the care, protection, society, support, services, comfort, attention, and consortium of her husband.  (*Id.* at ¶ 57).

FSHLC is a foreign corporation with its principal place of business located in Toronto, Canada.  (*Id.* at ¶ 5; Doc. 17 at 2; Doc. 18 at ¶ 2).  FSHLC is also incorporated in Toronto, Canada.  (Doc. 17 at 2; Doc. 18 at ¶ 2).  Plaintiffs allege in their Complaint that, at all times material to this action, FSHLC controlled, operated, managed, and promoted the Resort.  (Doc. 5 at ¶ 6).

---

[2] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (internal citation omitted).  As such, the Court accepts the facts recited in the Amended Complaint.  (Doc. 5).

Plaintiffs filed their Complaint against FSHLC and two other defendants (together, "Defendants") on September 10, 2024.[3] (Doc. 5). Plaintiffs sued Defendants for premises liability (Count I), failure to maintain (Count II), failure to warn (Count III), general negligence (Count IV), and loss of marital consortium (Count V). (*See generally* Doc. 5). On October 31, 2024, FSHLC moved to dismiss Plaintiffs' claims against it for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Doc. 17).

## DISCUSSION

Plaintiffs bear the burden of establishing personal jurisdiction over FSHLC. *See Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002) ("The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant.") (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). While Plaintiffs must eventually establish personal jurisdiction by a preponderance of the evidence, the district court has the discretion to either impose the preponderance-of-the-evidence standard now or wait until a later stage of these proceedings. *Id.*; *see* Fed. R. Civ. P. 12(i) (explaining that "a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial"). The Court has decided to reserve its imposition of a preponderance-of-the-evidence standard at this time. *Id.* Thus, it reviews FSHLC's Motion to Dismiss (Doc. 17) under a *prima facie* standard and must decide the motion based solely on the complaint and affidavits. *Id.*

---

[3] *Supra* n.1.

"A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (citation omitted). Where, as here, the defendant submits an affidavit to the contrary, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Meier*, 288 F.3d at 1269 (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999)). The court must accept the facts alleged in the plaintiff's complaint as true to the extent that the defendant's affidavits do not contradict them. *See Morris*, 843 F.2d at 492. Where the plaintiff's and defendant's evidence conflict, all reasonable inferences must be construed in favor of the plaintiff. *See Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006); *Molina v. Merritt & Furman*, 207 F.3d 1351, 1356 (11th Cir. 2000). In this case, Plaintiffs pleaded in their complaint that FSHLC "is subject to the personal jurisdiction of this Court because it has continuous and systematic contacts that render it essentially at home here. . . ." (Doc. 5 at ¶ 7). FSHLC submitted an affidavit to the contrary. (*See generally* Doc. 18). Plaintiffs did not produce any evidence in response.

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution."

*AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1363–64 (11th Cir. 2021) (quoting *Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.*, 593 F.3d 1249, 1257–58 (11th Cir. 2010) (internal quotations omitted)).

FSHLC moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(2), arguing that this Court's exercise of personal jurisdiction would be improper under both Florida's long-arm statute and the Due Process Clause of the Fourteenth Amendment. (*See generally* Doc. 17).

I. **Exercise of personal jurisdiction under Florida's long-arm statute**

Florida's long-arm statute authorizes both general and specific personal jurisdiction. Fla. Stat. § 48.193(1)–(2). The reach of Florida's long-arm statute is a question of state law, and the Court must adhere to the statutory constructions offered by the Florida Supreme Court and, if the Florida Supreme Court is silent, Florida's District Courts of Appeal. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013). But if the Florida Supreme Court is silent and Florida's District Courts of Appeal are split, this Court may defer to the Eleventh Circuit's view. *See RG Golf Warehouse, Inc. v. Golf Warehouse, Inc.*, 362 F. Supp. 3d 1226, 1237 (M.D. Fla. 2019).

Florida courts conduct a two-part inquiry to determine whether personal jurisdiction exists under Florida's long-arm statute. *See, e.g.*, *Wendt v. Horowitz*, 822 So. 2d 1252, 1257 (Fla. 2002). First, they ask whether the factual allegations bring the plaintiff's action within the ambit of the long-arm statute, and second, if

the facts implicate § 48.193(1), they ask whether those facts demonstrate sufficient "minimum contacts" to satisfy due process requirements. *Id.*

    **A.    Whether the factual allegations in Plaintiffs' Complaint bring this action within the ambit of Florida's long-arm statute**

Plaintiffs pleaded facts relevant to the following provisions of Florida's long-arm statute:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> 2. Committing a tortious act within this state.
>
> . . .
>
> 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>
>> a. The defendant was engaged in solicitation or service activities within this state; or
>>
>> b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
>
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to

*- Remainder of page intentionally left blank -*

>the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), (1)(a)(6), (2).  (*See generally* Doc. 5).

Specifically, Plaintiffs state that FSHLC has "continuous and systematic contacts that render it essentially at home" in Florida, including the following: FSHLC applied for and was granted authority to transact business in Florida; FSHLC appointed an agent for receipt of service of process in Florida; FSHLC solicits and conducts business in Florida by marketing its properties, including the Resort, from Florida; some of FSHLC's key officers and agents, including its President and CEO, are located in Florida; FSHLC owns, manages, controls, and operates resort properties in Florida; FSHLC maintains an interactive website for its properties, including the Resort, through which residents of Florida make reservations; and FSHLC sends direct promotional emails to residents of Florida to promote its properties, including the Resort.  (Doc. 5 at ¶ 7).  Plaintiffs also allege that FSHLC is subject to personal jurisdiction in Florida because Plaintiffs booked their stay at the Resort via telephone and FSHLC's website from their home in Lee County, Florida.  (*Id.* at ¶ 8).

Within their Complaint, Plaintiffs also attempt to group FSHLC with the other defendants to establish personal jurisdiction.  (*See id.* at ¶¶ 15–20).  However, "[e]ach defendant's contacts with the forum [s]tate must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984); *see also Rush v. Savchuk*, 444 U.S. 320, 332 (1980) ("The requirements of *International Shoe* . . . must be met as to each

7

defendant over whom a state court exercises jurisdiction"). A court may not "consider[ ] the 'defending parties' together and aggregate[e] their forum contacts in determining whether it has jurisdiction." *Rush*, 444 U.S. 320 at 331.

### i. Section 48.193(1)

Section 48.193(1) of Florida's long-arm statute states that, for a defendant to be subject to personal jurisdiction under the section, the cause of action at issue must arise from the defendant's forum-related activities. Fla. Stat. § 48.193(1) ("A person . . . who . . . does any of the acts enumerated in this subsection . . . submits himself . . . to the jurisdiction of the courts of this state for any cause of action *arising from* any of the following acts . . . .") (emphasis added). Florida courts have interpreted section 48.193(1) to require "connexity," meaning "a causal connection between the defendant's activities in Florida and the plaintiff's cause of action. . . ." *Canale v. Rubin*, 20 So.3d 463, 466 (Fla. 2d DCA 2009) (citing *Wendt*, 822 So.2d at 1260). The connexity or causal connection requirement requires a "'direct affiliation,' 'nexus,' or 'substantial connection' to exist between the basis for the cause of action and the business activity." *Citicorp Ins. Brokers (Marine), Ltd. v. Charman*, 635 So.2d 79, 82 (Fla. 1st DCA 1994) (quoting *Damoth v. Reinitz*, 485 So.2d 881, 883 (Fla. 2d DCA 1986)). Without connexity or a causal connection, the existence of FSHLC's "business activities [in Florida] are irrelevant." *Banco de los Trabajadores v. Moreno*, 237 So. 3d 1127, 1137 (Fla. 3d DCA 2018) (citing *Small v. Chicola*, 929 So.2d 1122, 1125 n.1 (Fla. 3d DCA 2006)).

FSHLC argues that there is no connexity between its alleged forum-related activities and this cause of action. (Doc. 17 at 8–11). Specifically, FSHLC submitted an affidavit from its Chief Financial Officer, Allison Keppy ("Ms. Keppy"), stating that: FSHLC does not own the Resort (Doc. 18 at ¶ 4); that its employees do not provide the day-to-day operational, guest, or maintenance services at the Resort (*id.* at ¶ 5); that it did not construct any facilities or equipment at the Resort (*id.* at ¶ 9); that it had not been advised of any incidents regarding a slippery floor at a guest room of the Resort within the past five years (*id.* at ¶ 10); that it is not a parent company of the defendant in this action named Four Seasons Resort Nevis (*id.* at ¶ 13); that it does not have any ownership interest in the Resort (*id.* at ¶ 14); that it does not have a proprietary interest in the hotel room where Mr. Romero's incident occurred (Doc. 18 at ¶ 20); that it is not a party to a joint venture relating to the Resort (*id.* at ¶ 15); that it does not share common officers, directors, management, employees, or resources with Four Seasons Resort Nevis (*id.* at ¶ 16); that it would not have sent a booking confirmation to Plaintiffs regarding any property in Nevis (*id.* at ¶ 18); that it does not send pre-arrival information and therefore would not have sent such information to Plaintiffs via email (*id.* at ¶ 19); that it does not monitor reservations made at the Resort through its website, as the reservations are transmitted electronically to the Resort (*id.* at ¶ 12); and that any inquiries Plaintiffs may have placed via telephone or website to any property in Nevis would not have been directed to a representative of FSHLC (Doc. 18 at ¶ 17).

This Court must accept the facts alleged in Plaintiffs' Complaint (Doc. 5) as true to the extent that FSHLC's affidavit does not contradict them. *See Morris*, 843 F.2d at 492. Thus, although Plaintiffs alleged in their Complaint that FSHLC controls the Resort, because FSHLC submitted an affidavit to the contrary that is not merely a conclusory denial of jurisdiction, the burden shifts back to Plaintiffs to produce evidence supporting jurisdiction. *Meier*, 288 F.3d at 1269. Plaintiffs did not provide any such evidence and therefore failed to meet their burden to establish personal jurisdiction under section 48.193(1) of Florida's long-arm statute.

### ii.     Section 48.193(2)

Under section 48.193(2) of Florida's long-arm statute, "[a] defendant who is engaged in substantial and not isolated activity within [Florida], whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). "The 'substantial and not isolated activity' requirement of the long-arm statute has been recognized by Florida courts as the functional equivalent of the continuous and systematic contact requirement for general jurisdiction under the Fourteenth Amendment Due Process Clause . . . ." *Meier*, 288 F.3d at 1269 n.6 (citing *Woods v. Nova Cos. Belize, Ltd.*, 739 So.2d 617, 620 (Fla. 4th DCA 1999)).

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations" without offending due process "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S.


915, 919 (2011) (quoting *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945)). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman,* 571 U.S. 117, 137 (2014). A corporation's place of incorporation and its principal place of business are "paradigm all-purpose forums." *Id.* And "a corporation's operations in a forum other than its formal place of incorporation or principal place of business" will be "so substantial and of such a nature as to render the corporation at home in that State" only in "exceptional" cases. *Id.* at 139 n.19.

FSHLC's place of incorporation and principal place of business is Toronto, Canada. (Doc. 5 at ¶ 5; Doc. 17 at 2; Doc. 18 at ¶ 2). Thus, to be subject to general jurisdiction under section 48.193(2) of Florida's long-arm statute or the Fourteenth Amendment's Due Process Clause, FSHLC would have to be an "exceptional" case with operations in Florida that are so substantial that they render it at home here. *Daimler*, 571 U.S. at 139 n.19. Not so.

Plaintiffs allege in their Complaint that FSHLC owns, manages, controls, and operates resort properties in Florida (Doc. 5 at ¶ 7(e)) and that it markets its properties from Florida (*id.* at ¶ 7(c)). However, FSHLC's affidavit contradicts this, as it states that FSHLC does not own or lease real property in Florida (Doc. 18 at ¶ 6); does not have any employees based in the United States (*id.* at ¶ 7); and does not maintain a bank account at a branch in Florida (*id.* at ¶ 8).

Again, this Court only accepts the facts alleged in Plaintiffs' Complaint (Doc. 5) as true to the extent that they are not contradicted by FSHLC's affidavit (Doc. 18). *See Morris*, 843 F.2d at 492. Thus, Plaintiffs' only remaining bases for establishing personal jurisdiction over FSHLC are their assertions that FSHLC applied for and was granted authority to transact business in Florida[4] (Doc. 5 at ¶ 7(a)); that FSHLC maintains an interactive website for its properties, through which residents of Florida make reservations (*id.* at ¶ 7(f)); and that FSHLC sends direct promotional emails to residents of Florida to promote its properties (*id.* at 7(g)). These connections with Florida are not "so 'continuous and systematic' as to render [it] essentially at home." *Goodyear*, 564 U.S. at 919 (quoting *Int'l Shoe Co.*, 326 U.S. at 317); *see Fraser v. Smith*, 594 F.3d 842, 844–45, 852 (11th Cir. 2010) (concluding that Florida courts could not exercise general personal jurisdiction over a foreign commercial tour operator even though the tour operator maintained a website accessible from Florida, advertised in the Miami Herald, procured liability insurance through a Florida insurance agent, purchased about half its boats in Florida, and sent employees to Florida for training and to promote its services); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) (concluding that a Texas court could not exercise general personal jurisdiction over a foreign corporation even though the corporation had a bank account in another state that accepted checks drawn on a Texas bank, sent its chief executive officer to

---

[4] FSHLC's affidavit notes that, although it registered to do business and appointed an agent for service of process in Florida, it did not consider either of these actions to be a submission to jurisdiction in Florida for any purpose. (Doc. 18 at ¶ 11).

12

Texas to negotiate a contract, purchased eighty percent of its helicopter fleet from Texas, and sent personnel to Texas for training). "A foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business," and Plaintiffs have not produced any evidence that any of FSHLC's connections to Florida played such a significant role in its operations. *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015).

## II. <u>Exercise of personal jurisdiction under the Due Process Clause of the Fourteenth Amendment</u>

Because Plaintiffs fail to establish that jurisdiction is proper under Florida's long-arm statute, the Court need not analyze whether personal jurisdiction violates the Due Process Clause of the Fourteenth Amendment. In any event, because "[t]he reach of [section 48.193(2) of Florida's long-arm statute] extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment," this Court lacks personal jurisdiction over FSHLC under the Fourteen Amendment's Due Process Clause for the same reasons discussed previously in this Order. *Fraser*, 594 F.3d at 846.

## CONCLUSION

For the reasons set forth above, FSHLC's Motion to Dismiss (Doc. 17) is **GRANTED**. Accordingly, Plaintiffs' claims against Defendant FSHLC are **DISMISSED with prejudice**.

The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant Four Seasons Hotels Limited Corporation and against Plaintiffs, which shall read, "the claims against Defendant Four Seasons Hotels Limited Corporation are dismissed with prejudice." The Clerk of Court is also **DIRECTED** to terminate Defendant Four Seasons Hotels Limited Corporation from this case.

**ORDERED** at Fort Myers, Florida on April 16, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE